**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-60146
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEANGELO WILLIAMS, a/k/a Dee,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Mississippi
(4:94cr81-S)

November 28, 1995

Before POLITZ, Chief Judge, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[*]

Deangelo Williams, found guilty by a jury of conspiracy to distribute, possession with intent to distribute, and aiding and abetting in the distribution and possession with intent to distribute crack cocaine, 21 U.S.C. §§ 841, 846, and 2, appeals his conviction, challenging the admission of an audio tape and transcript thereof and the sufficiency of the evidence. Finding no error in the admission of the audio tape or in the admission and use of a transcript made by a government witness, and persuaded by the adequacy of the evidence, we affirm.

---

[*]Local rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Williams contends that the district court erred in admitting into evidence the tape recording of a drug transaction because portions of the recording were unintelligible. He also maintains that the district court erred in allowing the jury to use a transcript of the recording. Williams did not object to the admission of the recording and withdrew his objection to the jury's use of the transcript. Therefore, any error must be reviewed for plain error. **United States v. Calverley**, 37 F.3d 160 (5th Cir. 1994), cert. denied, 115 S.Ct. 1266 (1995). The district court did not commit error, plain or otherwise, in admitting the tape recording and allowing the jury to use the transcript as the tape was played. The court carefully charged the jury that the tape was the evidence of its content and they were to determine the accuracy of the transcript which was offered only as an aid to their listening to the audio.

Williams also contends that the evidence was insufficient to support his convictions. The testimony of co-conspirator Kenny White, which was corroborated by the testimony of the arresting officers and enforced by the tape recording, establishes that Williams was the supplier of the cocaine and participated in the sale of the drugs to the undercover officer. Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could find that the government proved beyond a reasonable doubt that Williams committed the offenses. See **United States v. Davis**, 61 F.3d 291 (5th Cir. 1995).

The judgment of the district court is AFFIRMED.